IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMODORE JACKSON,<br>No. R59842,<br><br>        Plaintiff,<br><br>  vs.<br><br>TAYLOR GODINEZ,<br>WARDEN SPILLER,<br>WARDEN GAETZ,<br>WARDEN PFISTER,<br>ED HUNTLEY,<br>C/O ROELANDT,<br>C/O MILLER,<br>C/O BELFORD,<br>C/O BELL,<br>C/O COPELAND,<br>C/O LARSON,<br>C/O ROE,<br>C/O RANKING,<br>LT. FRENCH,<br>MAJOR PRENTICE, and<br>UNKNOWN MAILROOM STAFF AT<br>PINCKNEYVILLE C.C.,<br>PONTIAC C.C. AND<br>WESTERN ILLINOIS C.C.,<br><br>        Defendants. | Case No. 15-cv-01022-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Commodore Jackson is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, Plaintiff brings suit regarding deprivations of his constitutional rights with

respect to a wide variety of events that occurred to him over the past two years at three or more Illinois Department of Corrections facilities.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The complaint (Doc. 1) names 15 individuals as defendants, as well as unidentified mailroom staff at Pinckneyville, Pontiac and Western Illinois Correctional

Centers.[1]  A fourth prison is also mentioned in the complaint, Lawrence Correctional Center, where Plaintiff is housed, but there is no suggestion that any of the events at issue occurred at Lawrence.  The events described in the complaint appear to have occurred between November 30, 2013, and December 2014, but it is difficult to tell who did what, when, and where.  The complaint is confusing and muddled and, therefore, must be dismissed.  Dismissal shall be without prejudice so that Plaintiff can amend the complaint—hopefully without running afoul of the two-year statute of limitations, which *may* be running out on at least one claim in the next sixty days or so.

Rule 8 requires that a complaint contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Moreover, "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1).  Rule 10 requires that claims be stated in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and also requires that "each claim founded on a separate transaction or occurrence" be "stated in a separate count" if "doing so would promote clarity." *Id.* 10(b).

It is not the length of the complaint or the large quantity of superfluous details, the diatribe, or elusions to pulp fiction, that are most problematic.  Rather, it is that the many disparate allegations that may form the basis of a particular claim are scattered throughout the complaint—sprinkled among the descriptions of the defendants (Doc. 1, pp. 6-7), the statement of facts (Doc. 1, pp. 8-22), the legal claims section, which contains

---

[1] Pontiac and Western Illinois Correctional Centers are located in the central district of Illinois; Pinckneyville Correctional Center is located in the southern district, as is this district court.

some clearly designated subsections (Doc. 1, pp. 23-34), the prayer for relief (Doc. 1, pp. 35-36), and the supporting documents (Doc. 1, pp. 37-50; Doc. 1-1, pp. 1-21).

Jackson's shotgun-style complaint leaves this Court with the task of "read[ing] and decipher[ing] [a] tome[ ] disguised [as a] pleading[ ]," a task that district courts "should not have" to do. *Lindell v. Houser,* 442 F.3d 1033, 1034 n.1 (7th Cir. 2006); *see also United States ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir.2003), ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Although complaints drafted by prisoners proceeding *pro se* are construed very liberally, guesswork and uncertainty predominate the Court's review of the complaint. Plaintiff must return to the drawing board with the following guidance.

Merely organizing the allegations more clearly and concisely will go a long way. Plaintiff should group all of the relevant information for each intended claim—who did what, and at which facility.

When deciding which claims to include in the amended complaint, Plaintiff should keep in mind Federal Rule of Civil Procedure 18. Although a party may join "as many claims as it has against an opposing party," claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Multiple defendants can be joined in a single action, but only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all

defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A), (B).  The Court perceives that Plaintiff is attempting to frame 7 to 12 constitutional claims, most, if not all, appear unrelated to each other, and/or involve different defendants.

If the amended complaint contains claims that are not properly joined under Rule 18, those claims will be severed and opened as new cases.  In *George* the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act ("PLRA").  *Id.* at 607, (citing 28 U.S.C. § 1915(b), (g)).  Otherwise, prisoners easily could sidestep the requirements of the PLRA, in particular the provisions regarding filing fees.  *See id*.  Thus, Plaintiff can pursue one claim or set of related claims in the present action (for which he is already being assessed a filing fee), but the other claims will have to be brought in other actions, requiring additional filing fees (or he can move for leave to proceed as a pauper in each case).  Because of the two-year statute of limitations, he must act promptly to either amend the complaint or initiate other actions.

Plaintiff should also consider the proper venue for his claims, since some claims appear wholly unrelated to this judicial district.  *See* 28 U.S.C. § 1391.  If any amended complaint contains claims that are not properly joined together and for which the southern district of Illinois is not the proper venue, those claims will be severed and transferred to the appropriate judicial district, and additional filing fees will be assessed.

Insofar as Plaintiff asserts that there are ADA and Rehabilitation Act claims, the Court is unable to spot any basis for such claims—any basis for thinking Plaintiff is disabled. The definition of "disability" for purposes of the ADA and Rehabilitation Act centers around the person having a physical or mental impairment that substantially limits one or more of the major life activities of such individual (*see* 29 C.F.R. § 1630.2(g) (*in re* the ADA); *see also Garg v. Potter*, 521 F.3d 731, 736 (7th Cir. 2008) (using the ADA definition of "disability" for purposes of the Rehabilitation Act)).

Finally, the prayer for injunctive relief may very well be moot because Plaintiff is no longer housed at Pontiac, Pinckneyville or Western Illinois Correctional Centers, and there is no obvious systemic constitutional violation at issue—as best as the Court can tell from the muddled complaint.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **November 13, 2015** (a date less than two years from the earliest date referenced in the complaint), Plaintiff shall file an amended complaint in this case (Case No. 15-cv-1022-MJR). Any amended complaint will undergo a preliminary review pursuant to 28 U.S.C. § 1915A. Plaintiff is free to file as many other separate cases—in this district or any other appropriate district—as he deems appropriate. Any claim that may have been sketched out in the complaint that is not presented in the amended complaint will be considered to have been voluntarily dismissed (without prejudice).

Plaintiff is **ADVISED** that, if he fails to file an amended complaint in this action by the prescribed deadline, the action will be dismissed with prejudice and he will be assessed a strike for purposes of 28 U.S.C. § 1915(g).  Also, the filing fee will still be owed to the district court.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 13, 2015

                                                    s/ *Michael J. Reagan*
                                                   **MICHAEL J. REAGAN**
                                                   **CHIEF JUDGE**
                                                   **UNITED STATES DISTRICT COURT**